IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIRSON J. ORTEGA,<br><br>              Petitioner,<br><br>   v.<br><br>WARDEN JORDAN HOLLINGSWORTH, et al.,<br><br>              Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 15-1253 (JBS)<br><br>**<u>OPINION</u>** |

APPEARANCES:

Girson J. Ortega
Fed. Reg. 64189-066
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Pro Se

Kevin H. Bradford
COMMONWEALTH OF PENNSYLVANIA
OFFICE OF THE ATTORNEY GENERAL
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107
    Attorney for Respondents Warden Jordan Hollingsworth and
    The Attorney General of Pennsylvania

**SIMANDLE**, Chief Judge:

## I. INTRODUCTION

This matter comes before the Court on Respondent Attorney General of Pennsylvania's ("Respondent") motion to transfer the Petition for Writ of Habeas Corpus to the United States District Court for the Middle District of Pennsylvania ("Middle District") pursuant to 28 U.S.C. § 1404(a). (Motion to Transfer,

Docket Entry 17). Pro se Petitioner Girson J. Ortega ("Petitioner") did not file opposition to the motion; however, he filed a motion to void this Court's October 27, 2015 Order. (Motion Coram Non Judice, Docket Entry 20). The motions are being decided on the papers pursuant to Fed. R. Civ. Pro. 78(b). For the reasons set forth below, Respondent's motion is granted, and the petition shall be transferred to the Middle District. Petitioner's motion shall be denied.

## II. BACKGROUND

Petitioner, a federal prisoner presently confined at FCI Fort Dix, filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 18, 2015, challenging the judgment of convictions entered against him by the Court of Common Pleas for the 17th Judicial District Pennsylvania in Union County. (Petition, Docket Entry 1). By Order dated February 24, 2015, the Court administratively terminated the petition as Petitioner did not use the proper habeas form for 28 U.S.C. § 2254 petitioners, and did not pay the $5.00 filing fee or submit a complete *in forma pauperis* application. (Docket Entry 2). The Court allowed Petitioner to reopen the matter within 30 days, which Petitioner did on March 12, 2015. (Docket Entry 4).

After reopening the matter, the Court reviewed the petition pursuant to 28 U.S.C. § 2254 Rule 4 and ordered FCI Fort Dix Warden Jordan Hollingsworth to be substituted as a respondent.

(April 8, 2015 Order, Docket Entry 5). The Court ordered Warden Hollingsworth and the Attorney General of Pennsylvania to respond to the petition within 45 days. (Id.); see also 28 U.S.C. § 2254 Rule 2(b). As no answer was received from either Respondent within the 45-day period, an order to show cause was entered on June 1, 2015. (Docket Entry 8).

Two days later, counsel for Respondent Hollingsworth wrote to the Court arguing that because Petitioner only challenges his state sentence, not the federal sentence for which Petitioner is presently incarcerated in Fort Dix, the Pennsylvania authorities should primarily handle this matter. (Docket Entry 9). The Pennsylvania Office of the Attorney General responded that it had not responded under the good faith belief it would not be a party to the present action, but it would assume responsibility for filing a response. (Docket Entry 11). Counsel for the Pennsylvania Attorney General's Office then entered a notice of appearance on July 23, 2015, along with a Motion for Leave to Appear Pro Hac Vice. (Docket Entry 12). The Court granted the motion on August 13, 2015. (Docket Entry 15).

Because the Pennsylvania Attorney General missed the 14-day response deadline in the original order to show cause, Petitioner filed a motion for default judgment on August 10, 2015. (Docket Entry 14). This motion was later denied in an order entered on October 27, 2015, which reinstated the Attorney

3

General of Pennsylvania as a Respondent and directed Respondents to submit an answer to the petition within 30 days. (October 27, 2015 Order, Docket Entry 16). The present motion to transfer venue was timely filed on November 24, 2015, accompanied by a motion for an extension of time to file an answer. (Docket Entries 17 and 18). The Court granted the motion for an extension of time and ordered that Respondents need not answer the petition until the resolution of the motion to transfer venue. (Docket Entry 19). Petitioner filed a motion to void the October 27th order as Coram Non Judice. (Docket Entry 20).

### III. DISCUSSION

**A. Motion Coram Non Judice**

Petitioner argues that (1) the Court erred in denying Petitioner's motion for default judgment; (2) the Court under 28 U.S.C. § 2254 cannot involve Warden Jordan Hollingsworth or his counsel in the case; and (3) the consent decree surrounding Petitioner's guilty plea is violated by the Court's addition of said parties. (*See generally* Motion to Void Order 16 Docket Entry 20).

Petitioner's motion is without merit. *Coram non judice*, literally translated as "before a person not a judge," "mean[s], in effect, that the proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment." *Burnham v. Superior*

4

*Court of Ca., Cty. of Marin*, 495 U.S. 604, 608-09 (1990). Despite Petitioner's contentions, the Court has jurisdiction over the § 2254 proceedings, as it is the District Court for the district in which he is presently confined. Petitioner also fails to explain in any meaningful manner how the Court's denial of default judgment is erroneous beyond simply alleging what was previously stated in Petitioner's motion for default judgment. (Docket Entry 14). As the Order entered on October 27th explains, Respondent timely filed for and was granted an extension, therefore avoiding default judgment being entered.  (Docket Entry 16).

    Additionally, the Court did not err in including either individual in the present matter. By Petitioner's own words, this matter concerns whether Pennsylvania proffered consecutive or concurrent sentencing in his guilty plea for state charges in Union County, Pennsylvania. According to section 2254, "[i]f the petitioner is not yet in custody but may be subject to future custody under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." 28 U.S.C. § 2254 Rule 2(b). Thus, Warden Hollingsworth, as Petitioner's current custodian, must be named as a Respondent along with the Attorney General of Pennsylvania.

    Finally, while Petitioner correctly summarizes consent

5

decree doctrine, the present matter does not rely upon this. Rather, the present motion rests upon whether Hollingsworth is a party to the present matter. The addition of Warden Jordan Hollingsworth does not in any material manner affect the contested guilty plea agreement between Petitioner and Pennsylvania authority, and Hollingsworth's presence in the matter is as a matter of law required for filing a federal habeas petition. Accordingly, Petitioner's motion is denied.

**B. Motion to Transfer Venue**

Respondent seeks to transfer the present petition to the Middle District, asserting primarily that the Middle District is the better venue. Section 2241 provides in relevant part:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Furthermore, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.* Therefore, Petitioner's original petition was properly filed in this district as he is confined at FCI

Fort Dix, New Jersey, and the Court retains the ability to transfer venues in the furtherance of justice.

Petitioner challenges the validity of his guilty plea originating from Pennsylvania insofar as he alleges that he was promised his state court sentence would run concurrently with his federal sentence. (Petition, Docket Entry 1). The threshold question is then whether Pennsylvania serves as the better venue in this matter. As Petitioner is facing a Pennsylvania state charge where the relevant components of the matter reside within Pennsylvania's jurisdiction, the Court concludes that it is.

Courts may transfer a habeas corpus action "for the convenience of parties and witnesses to any other district where it might have been brought." *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (citing 28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493–94 (1973)). In making this determination, "a court may analyze factors such as where the material events occurred, where the records and witnesses are located, and the convenience of forum for both parties. The district in which sentencing and conviction occurred is favored because of the availability of evidence and witnesses." *Id.* (citing *Braden*, 410 U.S. at 493–94; *Henderson v. I.N.S.*, 157 F.3d 106, 128 n.25 (2d Cir. 1998)).

A transfer of venue would be in the interests of justice as the original action, conviction and sentence did not occur in

7

New Jersey. The material events underlying this habeas petition occurred within the confines of the Middle District as Petitioner's convictions were obtained in Union County, Pennsylvania. Additionally, all records and witnesses pertaining to Petitioner's state court convictions are located in Pennsylvania. (Motion to Transfer at 2, 9). Pennsylvania is also more convenient, as Petitioner and Respondent would both be located in Pennsylvania following the conclusion of Plaintiff's federal sentence. The Court is mindful of the deference owed to Petitioner's choice of forum, but that deference is outweighed by all the factors pointing towards the Middle District of Pennsylvania being the better forum. 28 U.S.C. § 1404(a); *see also In re Nwanze*, 242 F.3d 521, 526 n.25 (3d Cir. 2001) (noting that "ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses").

The Court therefore finds it is in the interests of justice to transfer the petition to the Middle District. 28 U.S.C. §§ 1404(a), 2241(d).

## IV. CONCLUSION

For the above stated reasons, Respondent's motion to transfer the petition to the District Court for the Middle District of Pennsylvania is granted. Petitioner's motion to void

8

the Court's October 27, 2015 is denied. An accompanying Order will be entered.

**March 29, 2016**                                  **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    Chief U.S. District Judge