IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GIRSON J. ORTEGA, :
:
    Petitioner : CIVIL NO. 1:16-CV-00552
:
  vs. :
:
THE ATTORNEY GENERAL OF : (Judge Rambo)
PENNSYLVANIA, et al., :
:
    Respondents :

## MEMORANDUM

On February 18, 2015, Petitioner Girson J. Ortega, an inmate at the Federal Correctional Institution at Fort Dix, New Jersey, filed in the United States District Court for the District of New Jersey a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a sentence of 4 to 8 years imposed by the Court of Common Pleas of Union County, Pennsylvania, on January 26, 2011. (Doc. 1.) The sentence of 4-8 years was to be served consecutively to his current federal sentence.(Id.)  The petition is brought pursuant to Rule 1(a)(2) of the Rules Governing Section 2254 Cases in the United States District Court which permits a petition for writ of habeas by "a person in custody under a state-court or federal-court judgment

who seeks a determination that future custody under a state-court judgment would violate the Constitution laws, or treaties of the United States." Ortega appears to allege that his consecutive state sentence was the result of ineffective assistance of counsel because he was told that his sentence of 4 to 8 years would run concurrently with his federal sentence. Ortega paid the $5.00 filing fee. On March 29, 2016, the case was transferred to this district. (Docs. 21, 22.)

Because it did not plainly appear from the petition that Ortega was entitled to relief the court directed the Pennsylvania Attorney General and the District Attorney of Union County respond to the petition.[1] On May 10, 2016, the Attorney General of Pennsylvania on behalf of the Commonwealth and the District Attorney of Union County filed a response in which it is argued that Ortega's petition was not filed

---

1. Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

within one year of the date on which his judgment of sentence became final thereby rendering his petition time-barred. Ortega did not file a traverse. For the reasons set forth below Ortega's petition will be dismissed as untimely filed.

**Factual Background**

The essential facts are undisputed. On October 12, 2010, Ortega entered a plea of guilty to several offense, including possession with intent to deliver a controlled substance. (Doc. 40-1, at 15.) On January 26, 2011, Ortega received an aggregate sentence of four to eight years to be served consecutively to a 15-year federal sentence which he was serving. (Doc. 40-1, at 2-16.) Ortega filed a motion for reconsideration of sentence which was denied on March 18, 2011. <u>Commonwealth of Pennsylvania v. Girson Jason Ortega</u>, CP-60-CR-0000373-2008.[2] Ortega took no direct appeal from

---

2. The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case filed against Ortega in the Court of Common Pleas of Union County. https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-60-CR-0000373-2008 (Last accessed April 12, 2017). A district court may take judicial notice of proceedings
(continued...)

3

the denial of the motion for reconsideration.  Instead on March 28, 2011, Ortega filed a petition under the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, in which he claimed his plea of guilty was induced by ineffective assistance of counsel.  He claimed that counsel advised him the state sentence would be served concurrently to the federal sentence.  On October 28, 2011, the trial court held a hearing on Ortega's petition and at the conclusion of that hearing vacated his sentence and permitted Ortega to withdraw his plea of guilty. (Doc. 40-3, at 2-126.)  Subsequently, the Commonwealth filed an appeal; the trial court in response to that appeal filed an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure in which it stated that it erred and requested the Superior Court to reverse the decision; and on December 1, 2012, the Superior Court reversed the trial

---

2.  (...continued)
in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

court decision and reinstated Ortega's guilty plea. (Doc. 40-4, at 1-24; Doc. 40-6, at 2-16.) On January 23, 2013, the trial court issued an order stating that Ortega's sentence imposed on January 26, 2011 remained in full force and effect. Thereafter, no further proceedings were filed in state court by Ortega until December 2, 2013, when he filed in the trial court a second PCRA petition in which he requested that he be allowed to file with the Pennsylvania Supreme Court a petition for allowance of appeal of the Superior Court's decision. The Commonwealth did not oppose that petition and Ortega filed a petition for allowance of appeal which was then denied by the Supreme Court on August 26, 2014. (Doc. 40-7, at 3-43; Doc. 40-8, at 2.)

**Discussion**

There is a one-year statute of limitations for filing a § 2254 petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review." However, 28 U.S.C. § 2244(d)(2) also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" We will first address the question of when Ortega's conviction became final for purposes of the commencement of the 1-year statute of limitations and then address whether there is any other time excluded under §2244(d)(2).

As stated above, Ortega was sentence on January 26, 2011, and he did not take a direct appeal after his motion for reconsideration of sentence was denied on March 18, 2011. Consequently, his conviction became final on April 18, 2011. Ortega, however, filed a PCRA petition on March 28, 2011, and the statute of limitations tolled during the period that petition was pending. That petition was disposed of on December 1, 2012, when the Superior Court reinstated his guilty plea and 1-year statute of limitations commenced to run when the trial court issued the order of January 23, 2013, stating that the Ortega's sentence remained in full

6

force and effect. No proceedings were pending in state court until December 2, 2013, when he filed a petition for allowance of appeal with the Supreme Court, a period of 313 days. Furthermore, an additional 176 days accumulated between the time the Pennsylvania Supreme Court denied Ortega's petition for allowance of appeal on August 26, 2014, and when he filed the present habeas petition on February 18, 2015.[3] The period of time which elapsed far exceeds the 1-year period in which he was required to file a petition for writ of habeas corpus in this court.

An appropriate order will be entered.

s/Sylvia Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 13, 2017

---

3. More importantly, a petitioner is not required to appeal to the Pennsylvania State Supreme Court in order to exhaust his or her claims for purposes of federal habeas review. Lambert v. Blackwell, 387 F.3d 210, (3d Cir. 2004). Consequently, the statute of limitations commenced to run on January 23, 2013, and was not tolled by the filing of the second PCRA petition.